UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

CHAMPAIGN-URBANA HEALTHCARE, LLC )
  D/B/A Campustown Urgent Care, )
THOMAS J. PLIURA, M.D., J.D., and )
STEVE J. MCLAUGHLIN, )
                                                                   )
                 Plaintiffs )
                                                                   )
  v. ) No. 2:20-cv-02084
                                                                   )
JULIE A. PRYDE, individually and )
  as Administrator of the )
  Champaign-Urbana Public Health )
  District, )
                                                                  )
                 Defendant )

<u>ANSWER OF JULIE A. PRYDE TO COMPLAINT FOR INJUNCTIVE RELIEF</u>

<u>The Parties</u>

Julie A. Pryde, individually and as Administrator of Champaign-Urbana Public Health District, defendant, by Frederic M. Grosser, her attorney, states as follows as her Answer to the *Complaint for Injunctive Relief*:

In regard to the caption of the complaint, the plaintiffs have named as a defendant only Julie A. Pryde. She has been named "individually and as Administrator of the Champaign-Urbana Public Health District." The PACER electronic records system identifies Champaign-Urbana Public Health District [hereinafter referred to as CUPHD] as a party defendant in this case. CUPHD is not a party to this case.

1

1. To the extent defendant has knowledge of plaintiff Champaign-Urbana Healthcare, LLC, d/b/a Campustown Urgent Care's [hereinafter referred to as Campustown] business and location, paragraph 1 of the complaint appears to contain true statements.

2. To the extant defendant has access to public records regarding medical and law licenses, paragraph 2 of the complaint appears to be true.

3. Defendant is aware that plaintiff Thomas J. Pliura [hereinafter referred to as Pliura] treats patients but does not have specific knowledge regarding whether any of Pliura's patients are covered by Medicare or Medicaid.

4. Defendant has no knowledge regarding plaintiff Steve J. McLaughlin's [hereinafter referred to as McLaughlin] citizenship or residency. Defendant has no knowledge as to whether McLaughlin was asymptomatic of COVID-19 symptoms at the time of filing or whether McLaughlin is desirous of obtaining COVID-19 testing from Campustown and Pliura.

5. Defendant admits the truth of paragraph 5 of the complaint that she is the Administrator of CUPHD, that she acts under the authority of CUPHD, and that some of her activities derive authority from the Champaign County Board of Health and the Champaign County Public Health Department.

## Jurisdiction

6.  The complaint asserts federal jurisdiction based on a federal question. The federal question is asserted to by deprivation of federal statutory and constitutional rights by official state action.

The complaint names as a party defendant Julie A. Pryde individually. Anything alleged to have been done by Julie A. Pryde individually cannot constitute state action. There is no basis even alleged to show federal question jurisdiction as to Julie A. Pryde individually.

The complaint at paragraphs 27, 28 and 29 refers to the 14th Amendment to the U.S. Constitution. The specific allegations of those paragraphs will be addressed later, but are addressed here only for the purpose of discussing jurisdiction. The complaint alleges deprivation of liberty and property without due process and a violation of equal protection. There is nothing to show a constitutional right of a physician to perform a test in a particular location or of a patient to have a test performed in a particular location.

The complaint at paragraphs 29 and 31 cite as a federal statute the Families First Coronavirus Response Act, Public Law 116-127. The specific allegations will be addressed later, but are addressed here only for the purpose of discussing jurisdiction. The complaint does not cite to any particular provision of the statute. It is essentially an appropriations

law and provides funding for various purposes related to coronavirus and waives requirements of some other statutes.  It has provisions protecting rights related to employment and income.  The complaint does not cite any specific section of the statute.  The undersigned attorney for defendant does not find any section of that statute that creates any statutory rights in any of the plaintiffs to give or receive such tests in a particular location.

For the reasons stated, defendant states her objection and requests the Court rule that it does not have jurisdiction to hear this case.

## Venue

7.  Venue would be proper in this District under 28 U.S. Code section 1391 if there were jurisdiction.

## Facts

Defendant reiterates her objection that this Court does not have jurisdiction to hear this case.  In the event this Court disagrees and takes this case, defendant, without waiving her objection to this Court taking jurisdiction, hereby answers the remainder of the complaint:

8.  Defendant admits the truth of paragraph 8 of the complaint that COVID-19 is causing disruption locally, within the state and worldwide.

9. Paragraph 9 of the complaint accurately states the statistics regarding COVID-19 as of the time the complaint was filed.

10. Paragraph 10 of the complaint accurately states statistical estimates released by federal officials.

11. Defendant admits that there are lab tests available for the purpose of testing for COVID-19 infections and that some tests require a sample from the nasal passage of the patient, referred to as a nasopharyngeal swab.

12. Defendant admits that testing for COVID-19 has been provided by a limited number of laboratories and is deemed in short supply. Defendant admits that testing capacity has increased but does not have sufficient knowledge to state whether that capacity has increased "exponentially." Defendant has knowledge that testing capacity is still considered to be in short supply.

13. Defendant admits that Campustown and Pliura have been collecting, and presently continue to collect, test samples from patients for COVID-19 testing by commercial laboratories.

14. Defendant admits that there is significant demand for COVID-19 testing. Defendant admits that one method of efficiently collecting test samples is to provide drive-through testing. Defendant does not have sufficient information to know with certainty if drive-through testing is the most efficient or

5

the most clinically appropriate method of testing for any and all patients or communities.  Defendant is aware that drive-through testing has been implemented in a number of localities.

15.  Defendant has no personal knowledge about when plaintiff Campustown began making plans to offer drive-through or walk-up testing outside of Campustown's premises.  Defendant has no specific knowledge regarding the total amount of money plaintiff has expended obtaining test collection materials, but is aware that plaintiff Pliura has posted online that the testing materials necessary are not expensive.  Defendant has no independent knowledge of how much money plaintiff Campustown has expended for temporary staff or computer software design.

16.  Defendant denies that Campustown stopped testing outside its premises.  Defendant has knowledge that Campustown has been offering testing inside and outside of its premises and that this testing inside and outside of Campustown's premises is ongoing.  See Exhibit A, attached and incorporated herein.  Defendant has no knowledge of Campustown planning to offer testing in the parking lot of State Farm Center.  Defendant has no knowledge of Campustown seeking or being denied permission to use the State Farm site for drive-through testing.

17.  Defendant is aware that Campustown and Pliura planned to conduct drive-through testing at First Christian Church in Champaign, but she has no knowledge of whether plaintiffs entered into an agreement with the church.

18. Defendant has no knowledge of Pliura or Campustown paying for any advertising but admits that Pliura took actions to gain publicity for his and Campustown's testing through news media, Facebook and other free media.

19. Defendant denies the allegations of paragraph 19 of the complaint. Defendant, or "others at CUPHD," did not undertake any efforts to prevent Campustown from conducting testing at the church. Pastors of the church contacted defendant seeking information. Defendant told the pastors of the church that she did not have all of the information they were requesting immediately available but that she would attempt to get them all the information they were requesting within a day. It is defendant's understanding and belief that the pastors were going to request that Pliura and Campustown postpone the drive-through testing for one day.

20. Defendant denies the allegations of paragraph 20 of the complaint. Defendant, or "others at CUPHD," did not make accusations, "baseless accusations," assertions or "vague assertions." As stated in paragraph 19 of this answer, defendant provided information that was requested by the pastors of the church.

The last sentence of paragraph 20 of the complaint takes a quote from a newspaper article and quotes it as if it were a statement made by defendant to the pastors of the church, rather than a statement made to a reporter in response to a question by

7

the reporter.  Defendant denies that she made this statement to the pastors of the church.

    21.  Defendant denies that she or CUPHD initiated contact with the property owners or managers referred to in paragraph 21 of the complaint.  Defendant and CUPHD did not initiate contact with any of those property owners or managers.  Defendant admits that she was contacted by property owners or managers seeking information regarding the owners' and managers' concerns about the use of their properties for use as drive-through testing facilities.  Defendant admits that she answered property owners' and managers' questions regarding their concerns and shared with them information she had at her disposal including the guidelines for COVID-19 testing which are provided by the Centers for Disease Control and Prevention [hereinafter referred to as CDC].

    22.  Defendant believes the allegation of paragraph 22 of the complaint is true that Pliura and Campustown continued to collect test samples outside Campustown's premises.  Pliura called defendant on April 7, 2020, and informed her that he was performing drive-up testing outside the premises of Campustown.  Defendant believes such test sample collection has continued to the present.  See Exhibit A.

    23.  Defendant admits that Campustown has likely expended some amounts of money to purchase supplies related to its efforts to collect test samples.  Defendant has knowledge of a Facebook post by Pliura where he states that the necessary supplies cost

8

less than fifty cents per test.  Defendant has no knowledge of how much of Campustown's expenditures for testing supplies are devoted specifically to drive-through testing.  Defendant has no knowledge of how much Campustown has expended for custom software and how much of that software expense is required for and specific to drive-through testing.  Defendant is aware that Campustown is actively using web-based software to allow patient-clients to register and schedule testing.  See Exhibit A.  Defendant believes this web-based software is the same software referred to by plaintiffs in paragraph 23 of the complaint.  Defendant has no knowledge of how much, if any, Campustown has expended for paid advertising for drive-through testing.  Defendant is aware that Campustown and Pliura have made testing location information available without significant expense through Facebook, public statements to the local newspaper and other media outlets.

24.  Defendant admits that Pliura contacted her on April 6, 2020.  Defendant denies that she stated that she "would" oppose Campustown's efforts to conduct testing.  Defendant responded to Pliura's questions asking for her opinion and attitude about his plans which included his plan to test asymptomatic patients.  Defendant told Pliura that she was opposed to his testing asymptomatic patients because it was outside of the CDC guidelines.  Defendant stated specifically to Pliura that, while she opposed part of his plan, she and CUPHD did not have the

9

authority to stop him or Campustown from collecting those test samples.

26. As stated in paragraph 24 of this answer:  Defendant responded to Pliura's questions asking for her opinion and attitude about his plans which included his plan to test asymptomatic patients.  Defendant told Pliura that she was opposed to his testing asymptomatic patients because it was outside of the CDC guidelines.  Defendant stated specifically to Pliura that, while she opposed part of his plan, she and CUPHD did not have the authority to stop him or Campustown from collecting those test samples.

Defendant denies that she placed any "restrictions" on, or that she could have placed any restrictions on, Pliura or Campustown as alleged in the second sentence of paragraph 25 of the complaint.  Defendant has no personal knowledge of the health conditions of McLaughlin.  According to the the current CDC guidelines, if McLaughlin is asymptomatic as alleged, he should not be given a COVID-19 RT-PCR test at this time.

26. Defendant admits that she and the CUPHD are not interfering with testing by any healthcare providers, including Pliura and Campustown.

27. Defendant denies that she or CUPHD deprived due process or any other right to Campustown or Pliura.

28. Defendant denies that she or CUPHD deprived equal protection or any other right to Campustown or Pliura.

29. Defendant denies that she or CUPHD deprived McLaughlin access to healthcare or access to COVID-19 testing.  Defendant denies that she or CUPHD deprived McLaughlin his right to equal protection or due process.  Pliura and Campustown are actively collecting test samples inside and outside of Campustown's premises.  See Exhibit A.  Plaintiffs have not explained why McLaughlin cannot have a test sample collected inside or outside of Campustown's premises.

30. Defendant denies that she or CUPHD have barred or attempted to bar Pliura or Campustown from the practice of medicine.  Defendant admits that she and CUPHD do not have the authority to bar physicians from practicing medicine.  As stated in Paragraphs 24 and 25 of this answer, defendant told Pliura that she and the CUPHD did not have the authority to stop him or Campustown from collecting test samples.  Pliura and Campustown are actively collecting test samples inside and outside of Campustown's premises.  See Exhibit A.

31. Defendant denies that she or CUPHD have regulated or attempted to regulate the price of COVID-19 testing by any person or entity.  Defendant admits that she and CUPHD do not have the authority to regulate the price of COVID-19 testing.

32. Defendant denies that she or CUPHD have deprived any patient from receiving a COVID-19 test.  Pliura and Campustown

are actively collecting test samples inside and outside of Campustown's premises.  See Exhibit A.  Defendant admits that she and CUPHD do not have the authority to determine whether a patient may receive a COVID-19 test from a private physician.

33.   Defendant admits that any licensed physician may perform diagnostic testing on patients.

34.   Defendant does not have sufficient information to state whether Campustown or Pliura have violated any law, statute or declaration.  Defendant admits that she has no personal knowledge of Campustown or Pliura violating any law, statute or declaration in relation to COVID-19 testing.

35.   Defendant denies that she or CUPHD "scuttled" any drive-through or walk-up testing proposal of plaintiffs.  Pliura and Campustown are actively collecting test samples inside and outside of Campustown's premises.  See Exhibit A.  Defendant does not have sufficient information about plaintiffs' plans to know whether any of plaintiffs' proposed drive-through or walk-up testing plans violated any law, statute or declaration.

36.   Defendant denies that she or CUPHD are jeopardizing the health of the community.  Defendant denies that she or CUPHD are needlessly risking lives.

37.   Defendant denies the generalized claim that "testing inside a building creates an increased risk to patients and health care staff" as those risks can be mitigated through proper

procedures.  The overwhelming majority of diagnostic testing by healthcare providers in this country is performed safely and with minimal risk at indoor facilities.  Defendant admits that certain risks that are present in indoor testing regarding transmission of contagion between patients and healthcare personnel may be more readily mitigated by performing testing in a drive-through environment but drive-through testing has different associated risks and is not free from risk to patients or to healthcare personnel.  Defendant and CUPHD support drive-through testing and defendant and CUPHD have aided the Illinois Department of Public Health in the planning and logistics of drive-through clinics.

38.  Defendant denies that she or CUPHD directed officials from the church to withdraw any agreement they may have had with plaintiffs.

39.  Defendant admits that healthcare providers in Champaign County have been testing a significant number of patients and that the county has a significant number of patients that have tested positive for COVID-19.

40.  Defendant admits that the national news media carries stories regarding COVID-19 testing.  Whether such media is "replete" and what the media finds to be important is immaterial to whether injunctive relief is warranted or even authorized in this case.

41.  Defendant denies that increasing the volume of test samples sent to testing labs will lead to more "effective social

distancing," "more effective quarantining," "better utilization of soon-to-be-overwhelmed hospital resources" or "saved lives."

42. Defendant agrees that there is a need to test for recovered COVID-19 patients, but the RT-PCR test currently offered by Campustown and Pliura is not the best and most appropriate test to gather data for that purpose.  Antibody testing, when it becomes available, will be the best and most appropriate way of finding asymptomatic, recovered individuals with COVID-19 immunity.

43. Defendant denies that she or CUPHD have taken any steps or made any plans to prevent Community Blood Services of Illinois from recruiting plasma donors.

44. Defendant denies that she or CUPHD took any unauthorized or unjustified actions.  Defendant denies that she or CUPHD "blocked" testing by Campustown or Pliura.  Campustown and Pliura have been testing inside and outside Campustown's premises unimpeded by defendant or CUPHD.  See Exhibit A. Defendant denies that she or CUPHD have taken any action to harm Campustown's or Pliura's professional reputation or prospective business.  Defendant denies that she or CUPHD have caused any harm to McLaughlin or the public.  Defendant denies that she or CUPHD have taken any action that will "ultimately cost lives."

45. Defendant denies that paragraph 45 of the complaint accurately states federal law relating to injunctive relief.

46. Defendant denies that she or CUPHD denied Campustown or Pliura their rights to perform professional services. Defendant has no knowledge of a plaintiff Doe. If this statement was meant to refer to McLaughlin, defendant denies that she or CUPHD denied McLaughlin access to Campustown's, Pliura's or any other healthcare provider's services. Pliura and Campustown are actively collecting test samples inside and outside of Campustown's premises. See Exhibit A.

47. Defendant denies that she or CUPHD performed any unauthorized or unwarranted actions. Defendant denies that she or CUPHD interfered with plaintiffs' rights. Defendant denies that she or CUPHD caused harm to plaintiffs or the community at large. Defendant denies that she or CUPHD have performed actions that will "foreseeably result in patient deaths or significant morbidity."

48. Defendant denies that she or CUPHD have caused any injuries to plaintiffs.

49. Defendant denies that plaintiffs are likely to succeed on the merits. Defendant denies that she or CUPHD have infringed upon plaintiffs' rights. Defendant denies that she or CUPHD have interfered with Pliura's or Campustown's prospective business relationships. Defendant denies that plaintiffs have alleged any business relationships with any of the third parties they have referenced in earlier paragraphs. Defendant denies that she or CUPHD have "painted Plaintiffs in a false light." Defendant

denies that she or CUPHD have damaged plaintiffs' professional reputations.

50.  Defendant denies that there is a need for injunctive relief to plaintiffs or that it is even authorized.  Defendant denies that she or CUPHD have interfered with plaintiffs' COVID-19 testing at any location.  Defendant denies that she or CUPHD have falsely communicated with any person or entity.  Plaintiffs Campustown and Pliura were testing patients before this complaint was filed and have continued to test patients at present.  See Exhibit A.

51.  Defendant denies that an injunction is necessary to prevent her or CUPHD from committing any "future violations" against plaintiffs as no such "violations" have taken place.

Wherefore, Defendant respectfully requests that this court rule that this Court does not have jurisdiction to hear this case.

In the alternative, defendant respectfully requests that this Court rule that defendant has not violated the rights of any of the plaintiffs, has not interfered in the business of plaintiffs Campustown and Pliura and that injunctive relief is neither needed nor warranted in this case.

                        Respectfully submitted,

                        s/Frederic M. Grosser
                        Frederic M. Grosser
                        Attorney for Defendant

**Exhibit A: Screen captures from News-gazette.com**

```
link:   https://www.news-gazette.com/coronavirus/tuesdays-coronavirus-
updates-danville-prison-employee-tests-positive/article_4ea684e9-
0c1a-5b0a-9f26-4f4ff6117565.html
```



Exhibit A

CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 10, 2020, the foregoing A*nswer of Julie A. Pryde to Complaint for Injunctive Relief* is being filed electronically with the Clerk of the United States District Court, Central District of Illinois, Urbana Division, using the CM/ECF electronic filing system, and the CM/ECF system will provide electronic service of such filing to the email address of the following registered recipient:

Thomas J. Pliura
Law Offices of Thomas J. Pliura MD JD PC
tom.pliura@zchart.com

                                                  s/Frederic M. Grosser
                                                  Frederic M. Grosser

Frederic M. Grosser
ARDC# 1070436
Suite 503
201 West Springfield Avenue
Champaign, Illinois 61820
(217) 352-2784
frederic.grosser@gmail.com